## LAUB, ESTATE OF, In Re

Ohio Appeals, 9th Dist, Summit Co

No 2491.   Decided Dec 26, 1934

John W. Bricker, Attorney General, Columbus, and E. G. Schuessler, Asst. Atty. Gen., Columbus, for plaintiff in error, The Tax Commission of Ohio.

W. J. Laub; Akron, and Scott D. Kenfield, Akron, for defendants in error, Fred Laub, Jr., and W. J. Laub.

## OPINION

By STEVENS, J.

This cause is before this court upon error proceedings, prosecuted from the Court of Common Pleas of Summit County.

The sole question here presented is whether or not there was a taxable succession of the property deeded during his lifetime by Fred Laub, Sr., to his sons, Fred Laub, Jr., and W. J. Laub.

It is asserted by the state of Ohio, which is attempting to levy and collect an inheritance tax, that—

1. The deeds from Fred Laub, Sr., to his sons, were invalid.

2. There was error in the admission of evidence.

3. The judgment is manifestly against the weight of the evidence.

As to the contention of the state with reference to the validity of the deeds in question, it is our conclusion that said deeds were executed in conformity to the statutes, and were such as to properly pass the legal title to the premises conveyed.

The defendants in error deny any liability for inheritance tax on the premises in question, upon the assertion that the decedent grantor held only the legal title to said premises, as a trustee under an express trust, and that nothing but the bare legal title passed by the execution and delivery of said deeds, the equitable title thereto having at all times been in the grantees.

The trial court so found.

We hold that such finding is not only not manifestly against the weight of the evidence, but is amply sustained thereby.

The rule with reference to engrafting a trust upon a deed absolute is stated in **Russell et v Bruer et, 64 Oh St 1,** as follows:

"2. A trust engrafted on an absolute deed may be shown by parol evidence; but the declaration of such trust must be contemporaneous with the deed, and the evidence beyond a reasonable doubt as to the existence of the trust, and must be clear, certain, and conclusive as to its terms and conditions."

The existence of the express trust claimed in this case is proved by the required degree of proof, in our opinion, as also are the terms and conditions of said trust.

We have read the record herein, and we find no error in the admission or rejection of testimony which would constitute reversible error.

We therefore hold that there was no taxable succession of the property in question, and the judgment of the Court of Common Pleas is affirmed.

WASHBURN, PJ; and FUNK, J, concur in judgment.